HAYNES, Circuit Judge, specially
concurring:
I concur in the actual denial of panel rehearing, while noting that the petition for rehearing en banc remains pending. I respectfully do not join in the lengthy opinion accompanying the order denying panel rehearing because, I submit, it is largely unnecessary. The concern that animated my original dissent to the portion at issue came to pass: Balentine I has now been transmuted into Balentine II with a different result and rationale that, somewhat ironically, encompasses some of the original reasoning of the original opinion in this case. Rather than adding to this volley of opinions, I conclude that we are required to follow the decision of Balentine II, specifically, the last few pages addressing § 5(a)(3), the only subsection at issue in our case, given the CCA’s wording.
Under Balentine II’s reading of prior precedent (including our original opinion in Rocha), the CCA’s perfunctory dismissal of an application raising only mitigation issues is to be read as a conclusion that Rocha’s state writ application did not raise issues “sufficiently fundamental as to excuse the failure to raise it timely in prior state and federal proceedings.” Balentine II, 626 F.3d at 856, 2010 WL 4630829 at *14 (internal citations and quotation marks omitted). Unfortunately, this leads to the anomalous result that denial of a writ expressly referencing a statute that actually mentions the federal constitution- — “by clear and convincing evidence, but for a violation of the United States Constitution no rational juror would have answered in the state’s favor one or more of the special issues that were submitted to the jury in the applicant’s trial under Article 37.071,[1] 37.0711, or 37.072”[2] — is nonetheless not sufficiently intertwined with the United States Constitution to allow our review. “One of the special issues” in question is the mitigation one. It is this one to which Rocha’s Wiggins claim is focused. Because the Texas statute itself intertwines all special issues — mitigating and aggravating — with the federal constitutional violation without distinction, I do not see a basis for treating the mitigating issues differently than any other arising under this statute for the purpose of deciding which ones involve federal constitutional issues *842 and which do not.[3] But that is where we are. Perhaps our court will reconsider this subject en banc. Perhaps the Texas Court of Criminal Appeals will elaborate on the tantalizing Blue footnote 42.[4] Given where we are now, however, I am bound to join in the determination to deny panel rehearing.

. Tex.Code Crim. Proc. Ann. art. 11.071, § 5(a)(3) (West 2010)(emphasis added).

. The statute itself intertwines the question of a federal constitutional violation with the answer to special issues, including the mitigation issue. This circumstance is thus different from Sawyer, a case which, of course, predates Wiggins. Wiggins, though not a subsequent habeas case, was, of course, a habeas case about an attorney’s failure to investigate and present mitigating evidence in a death penalty case.

. Balentine II necessarily concludes that the CCA has closed the door that footnote 42 left open. Blue declined to address the issue because it was an Atkins case that did not raise a mitigation issue. See 230 S.W.3d at 159, 160 n. 42. Presented squarely with a § 5(a)(3) mitigation claim here and in Balentine II, the CCA dismissed the applications. In order to declare § 5(a)(3) inapplicable, the CCA must either have concluded (1) that the statute prohibited consideration of the mitigation question or (2) that the statute required assessment of the merits of the petitioners' mitigation claims and found them lacking; § 5(a)(3) is not discretionary in nature. I acknowledge that Balentine II views the former possibility as more likely and binds us here, but I note that in doing so we have implicitly held that the CCA has, without comment, rejected the grounds for review suggested by footnote 42.